Argued June 24, affirmed August 12, 1971

STATE OF OREGON, *Respondent, v.* MARION
ELIZABETH DRAKE, *Defendant,* DES BRISAY
& PARKER BAIL BONDS, *Appellant.*

487 P2d 901

*James T. Marquoit,* Portland, argued the cause for appellant. On the briefs were Maizels and Marquoit, Portland.

*Paul G. Mackey,* Deputy District Attorney, Portland, argued the cause for respondent. With him on the brief was Desmond D. Connall, District Attorney, Portland.

Before SCHWAB, Chief Judge, and LANGTRY and FORT, Judges.

LANGTRY, J.

This appeal is by professional bail bondsmen from an order of the circuit court which remitted only part of the forfeiture of a bail they had posted in a criminal proceeding. The bail was for $2500. When the defendant failed to appear for trial on November 17, 1970, the court forfeited the full amount of the bail. On December 11, 1970, bondsmen moved for total remission of the forfeiture, supporting the motion with an affidavit alleging that bondsmen had recaptured the defendant and on account thereof had expenses totaling $754.50.

The file contains no proof of service of this motion or affidavit upon the district attorney. On December 16, 1970, in an order (which recited that one of the bondsmen and the bondsmen's attorney appeared before the court on December 15, that the state did not appear, and that the court was fully advised in the premises) the court allowed the remission of

$754.50. From this order bondsmen appeal, contending that the remission should have been for all, or a greater portion. They designated for the record on appeal the entire trial court file, which we have.

Pertinent parts of applicable statutes are:

ORS 140.610.

"If, without sufficient excuse, the defendant fails to appear * * * bail * * * is thereupon forfeited."

ORS 140.640.

"* * * [If the defendant is subsequently surrendered, bondsmen] may apply to the court for a remission of the forfeiture; and * * * the court, upon good cause shown, may remit the forfeiture or any part thereof upon such terms as are just and reasonable, according to the circumstances of the case."

ORS 140.660.

"The application for remission shall be upon at least 10 days' notice to the district attorney, with copies of all affidavits and papers on which it is founded. * * * The judgment or order of the court in the matter is final."

Bondsmen complain that the trial court did not hold a reported hearing in the matter, and ask that this court modify the order of the trial court by remitting all or more of the bail than the trial court remitted, or, in the alternative, remand for a hearing "on the record" on their motion. The state in its brief says:

"Whether appellant can now be heard to complain concerning his choice of proceedings held in chambers, without opposing counsel present and not on the record when it was within his power to request otherwise is not the thrust of this argu-

ment. It is evident that no record of those proceedings is available * * *."

In reply to this, bondsmen say:

"* * * [B]ecause the record is silent on the matter, respondent would have this Court assume that the choice of procedure was initiated by the appellant. Appellant was powerless to make any further record before the trial court. At any rate, the respondent's argument is without merit because this Court has the authority to view the matter as equitable in nature and to independently adjudicate the matter of remission * * * [citing cases]."

■ ORS 140.660 requires that the application for remission "shall be" after proper notice to the district attorney with service of copies of all papers. Bondsmen were not "powerless" to comply with this statute, or to ask for reporting of whatever hearing there was. Inasmuch as the bondsmen were the applicants the duty was upon them to serve the district attorney. The record discloses that they were completely remiss in this duty, or at best did not make and file proof of service.

ORS 140.660 provides "The judgment or order of the court in the matter is final." Assuming without deciding that the statute makes such order final only in the sense that it is a final order from which an appeal can be taken,[①] we still do not have a record before us upon which we can try the same matter heard by the trial court. In *Rea v. Rea,* 195 Or 252, 262, 280, 245 P2d 884, 35 ALR 2d 612 (1952), the court said:

"* * * Our question is whether it is necessary * * * to remand for further proceedings, or,

---

[①] We do not decide here what the full import of this language is because the parties have not alluded to it, let alone briefed the question.

on the other hand, whether this court might * * * properly hold that when the parties consent that the court may * * * consider an independent report, they thereby waive the right of appeal on that issue and thereby accord finality to the decision of the trial court. * * * [T]his court will not try a case de novo unless it has before it all of the evidence on which the trial court based its decision. The theory of trial de novo is that the Supreme Court is reviewing the identical case which the trial court decided. A failure to bring up the evidence on appeal in equity renders it impossible to try the case anew * * *. [T]he record does not disclose the factual basis of the trial court's decision. For this court to retry the case * * * would be to try a different case from that decided by the trial court. This we are not required to do.

"* * * * *

"* * * We will not try the issue * * * de novo, and in the present circumstances, see no reason for remanding the case to the circuit court."

■ We see ourselves here in the same position as the Supreme Court in *Rea*. The bondsmen chose a summary method of proceeding where a more complete method was afforded, if not required, by statute, and by reason thereof can not get another trial simply because the results are not to their liking.

■ We have reviewed the bondsmen's affidavit which was the basis for the motion and is before us. The general rule with reference to remissions of bail forfeitures under statutes such as those in Oregon is that the appellate court will not disturb the trial court's determination if that action does not reflect a palpable abuse of discretion. See cases collected in Annotation, 84 ALR 420, 424 (1933). The affidavit in the case at bar contains no such showing.

Affirmed.