Submitted December 19, 1972, affirmed January 12,
petition for review denied February 21, 1973

STATE OF OREGON, *Respondent, v.* WILLARD
MARK EMERY (No. 27812), *Defendant,*

AND

RESOLUTE INSURANCE COMPANY,
*Appellant.*

504 P2d 1405

L. M. Giovanini, Beaverton, for appellant.

Gary A. Rueter, McMinnville, for respondent.

Before SCHWAB, Chief Judge, and LANGTRY and FOLEY, Judges.

LANGTRY, J.

This is an appeal from an order remitting $100 of $6,250 bail and awarding judgment for the balance of $6,150. The defendant-principal on the bond had failed to appear as ordered before the court, and the court had ordered forfeiture of the bond preceding the filing of the motion for remission. ORS 140.610 et seq.

Resolute Insurance Company through its attorney-in-fact, Wulf, executed the bail bond upon which the defendant was released. The defendant had been ordered to appear before the court on August 24, 1971 for execution of sentence. He failed to appear and a bench warrant for his arrest was issued. On September 23, 1971 the bail was ordered forfeited.

Resolute filed a motion to set aside the order of forfeiture. After hearing, the motion was denied. Resolute then filed a motion for remission of forfeiture

pursuant to ORS 140.640. After hearing, that motion was denied except to the extent of $100, which represented Resolute's expenses involved.

■ (1) In its first assignment of error, Resolute . argues that the court should have allowed its motion to set aside the forfeiture. Resolute's notice of appeal covers only the order and judgment on its motion for remission; hence, this assignment has no standing. Further, ORS 140.660 provides that when a bondsman applies for remission, as Resolute did here, "* * * [t]he application shall admit the forfeiture and the obligation of the bail to pay * * *."

■ (2) Resolute next claims that the trial court should have remitted more than $100 under authority of ORS 140.640.

In *State v. Drake,* 6 Or App 282, 487 P2d 901 (1971), a case involving a similar issue, this court stated that "* * * the appellate court will not disturb the trial court's determination if that action does not reflect a palpable abuse of discretion. * * * The affidavit in the case at bar contains no such showing." 6 Or App at 286. The record of the case at bar reveals no more reason than there was in *Drake* for a larger remission.

(3). Resolute claims that the bond's obligation was $2,650, not $6,250; therefore, the judgment should not have been more than $2,550. In the upper right-hand corner of the bond the figure $6,250 appears over the words "Appeal Bail Bond." The recitation reads in part "* * * Willard Emery * * * being duly admitted to bail in the sum of Six Thousand Two Hundred Fifty Dollars. * * * RESOLUTE * * * does hereby undertake that * * * [it] will pay * * * the sum of Two Thousand Six Hundred Fifty Dollars."

Attached to the bail bond are two powers of attorney, one limited to $3,000 and the other limited to $5,000. The trial court ordered that Resolute pay $6,150, $6,250 less the $100 remission.

██ The bond is a contract between the state and the bondsman. *Umatilla County v. United Bonding,* 248 Or 328, 434 P2d 329 (1967) ; *State v. Gardner,* 29 Or 254, 45 P 753 (1896). In construing a contract the courts look to the four corners of the instrument to determine the intention of the parties. *Bauman v. Bauman,* 245 Or 574, 577, 423 P2d 181 (1967) ; *Sproul et al v. Gilbert et al,* 226 Or 392, 402, 359 P2d 543 (1961).

█ Looking at all of the agreement and the attached powers of attorney it is clear that Wulf, the agent of Resolute, intended to commit his company to pay $6,250. There was no error.

Affirmed.