In the Matter of Application of ALLIED FIDELITY INSURANCE COMPANY, an Indiana Corporation, For Remission of a Judgment of Bond Forfeiture.

ALLIED FIDELITY INSURANCE COMPANY, Appellant (Petitioner),

v.

The STATE of Wyoming, For the Use and Benefit of the CARBON COUNTY SCHOOL DISTRICT, Appellee (Respondent).

No. 83–6.

Supreme Court of Wyoming.

June 17, 1983.

Charles John Szlenker, Cheyenne, for appellant.

A.G. McClintock, Atty. Gen., Gerald A. Stack, Deputy Atty. Gen., John W. Renneisen, Sr. Asst. Atty. Gen., and Michael L. Hubbard, Asst. Atty. Gen., Cheyenne, for appellee.

Before ROONEY, C.J., and RAPER,* THOMAS, ROSE and BROWN, JJ.

ROSE, Justice.

This case presents for our review a question concerning the right of the State to order forfeiture of an appearance bond and the failure of the district court to order adequate remission of the forfeited amount.

Appellant Allied Fidelity Insurance Company (hereinafter referred to as Allied) engages in the business of writing and secur-

---

* Retired June 13, 1983, but continued to participate in the decision of the court in this case pursuant to order of the court entered June 13, 1983.

1. The applicable portions of Rule 8(e), W.R. Cr.P. provide:

ing bail bonds for criminal defendants. On December 8, 1981, Allied, through its agent, Floyd Hunt, co-signed an appearance bond as surety in the amount of $35,000 for the benefit of a criminal defendant, William Grubbs. This bond permitted the defendant to enjoy his freedom while awaiting trial on the conditions that Mr. Grubbs not leave the state, not possess a firearm, not associate with a Mr. Steven Ervin, and that he be present at all court-ordered appearances. The defendant complied with these restrictions and was subsequently found guilty of the charged offenses.

After return of the verdict, the court ordered a presentence investigation and continued the defendant's bond although the amount was raised to $60,000. This second bond incorporated the first one and Allied executed an additional surety bond in the amount of $25,000 which, along with the first $35,000 bond, raised the total amount guaranteed by Allied to $60,000. The second bond contained the following conditions:

"The Defendant shall not leave the State of Wyoming for any reason or purpose whatsoever without first having obtained permission in writing from the District Court, Second Judicial District in and for Carbon County, Wyoming. The Defendant shall not at any time be in possession of any type of firearms whatsoever."

Prior to sentencing, and while still at liberty as a result of the bond, defendant Grubbs left Wyoming and subsequently was arrested for an armed robbery in Fort Collins, Colorado. At the time of the challenged proceedings, Grubbs remained in the custody of Colorado authorities.

As a result of the defendant's breach, the State requested and was granted a forfeiture of the $60,000 bond. Appellant Allied then initiated an action pursuant to Rule 8(e)(4), W.R.Cr.P.,1 for remission of the

"(e) *Forfeiture, enforcement and exoneration.*
    *   *   *   *   *   *
"(2) Setting Aside.—The court may direct that a forfeiture be set aside, upon such conditions as the court may impose, if it appears

amount forfeited. After hearing, the district judge ordered that $20,000 of the $60,-000 be remitted.

## APPELLANT'S CONTENTIONS

Appellant brings this appeal for purposes of challenging the district court's decision to remit only $20,000 of the bond. It is Allied's position that the district court failed to consider certain factors in entering the order of partial remission and that the court should have only enforced the forfeiture of the bond to reflect the actual costs incurred by the State which resulted from the defendant's breach of the bond. Allied also argues in a secondary fashion that its agent, Floyd Hunt, was not authorized to obligate the company to insure that William Grubbs would remain in Wyoming and not possess a firearm, but only that he would be present at all court-ordered appearances. We disagree with both of Allied's contentions and we will affirm.

## AUTHORITY OF ALLIED'S AGENT

As previously noted, the appellant's agent, Floyd Hunt, executed the surety bonds on behalf of Allied. Attached to both documents was a power of attorney drafted by Allied which contained the following statement:

> " * * * [T]o execute, seal and deliver for and on its behalf and as its act and deed, as surety, *a bail bond only.* Authority of such Attorney-in-Fact is limited to *appearance bonds* and cannot be construed to guarantee for failure to provide payments, back alimony payments, fines or wage law claims, on behalf of below named defendant." (Emphasis added.)

According to Allied, this statement expressly limited Hunt's authority to contractually obligate the company to insure the defendant's appearance only, and therefore the other conditions incorporated in the bond were not enforceable against them. The district judge rejected this contention and we agree with that disposition.

In *Miller v. State,* Wyo., 560 P.2d 739, 741–742 (1977), we noted that under Rule 8, W.R.Cr.P., the amount and conditions imposed by the district court in allowing a defendant to be released on bond are matters entrusted to the discretion of the court. It is also the law that even though the purpose of bail is to insure defendant's presence at court proceedings without excessively restricting his or her liberty, a common condition imposed upon release is that defendant remain within the court's jurisdiction and act in a law-abiding manner. *State v. Cassius,* 110 Ariz. 485, 520 P.2d 1109 (1974).

Another general rule applied by courts in bail bond cases is that a bail bond is a contract entered into between the government, the principal, and the surety, *United States v. Skipper,* 633 F.2d 1177 (5th Cir.1981); *United States v. Martinez,* 613 F.2d 473 (3rd Cir.1980); *State v. Emery,* 12 Or.App. 37, 504 P.2d 1405 (1973), and as such the bond and conditions contained therein are to be construed within the four corners of the instrument to determine the intention of the parties. *United States v. Parr,* 594 F.2d 440 (5th Cir.1979); *State v. Emery,* supra; *State v. Nelson,* 20 Utah 2d 229, 436 P.2d 792 (1968). Thus, the present bond is to be construed in the same manner as any other contract.

Upon application of the above principles, we are of the opinion that appellant's argument concerning its agent's lack of authority to bind the company to any condition other than defendant's appearance borders on being specious. The power of attorney plainly and unambiguously states that Floyd Hunt had the authority to execute *bail bonds* on behalf of Allied and as we have already noted, a common condition lawfully imposed by courts is that the defendant not leave the jurisdiction. Given this, we find it difficult if not impossible to

---

that justice does not require the enforcement of the forfeiture.

\* \* \* \* \* \*

"(4) Remission.—After entry of such judgment, the court may remit it in whole or in part under the conditions applying to the setting aside of forfeiture in subdivision (2)."

believe that Floyd Hunt was not aware that Allied was insuring William Grubbs' conduct. Allied is in the business of writing these surety bonds; Allied, through its lawfully empowered agent, entered into the contract; and Allied was bound by all of the plainly stated conditions found therein. We reject appellant's argument and find that the bonds were valid, enforceable, and subject to forfeiture upon William Grubbs' flight to and subsequent criminal activity in the state of Colorado.

### THE RULE 8(e)(4), W.R.Cr.P., ISSUE

Rule 8(e)(4), W.R.Cr.P., provides means whereby a court can remit in "whole or in part" a bond forfeiture "if it appears that *justice* does not require enforcement of the forfeiture." (Emphasis added.) See: Rule 8(e)(2) and (4), supra n. 1. The Wyoming version of Rule 8, W.R.Cr.P., closely parallels Rule 46, F.R.Cr.P., and we will therefore look to federal authorities in resolving appellant's second claim.

Appellant's basic contention is that the district court improperly required forfeiture of $40,000 of the $60,000 bond because the actual cost to the State of transporting Mr. Grubbs back to Wyoming for sentencing was far less than that amount. The parties have also raised questions concerning the proper standard of review to be utilized in our review of the remission question.

With respect to the standard-of-review question, the answer can be found in a multitude of cases. It is a universal rule that the powers vested by the forfeitures provision of a rule similar to our Rule 8(e), W.R.Cr.P., are ones entrusted to the exercise of discretion. Thus, the decision to grant or deny a remission is a discretionary one that will only be overturned on appeal for a patent abuse of discretion amounting to arbitrary and capricious action. *United States v. Jackson,* 691 F.2d 478 (11th Cir. 1982); *United States v. Vader,* 630 F.2d 792 (10th Cir.1980), cert. denied 449 U.S. 1037, 101 S.Ct. 616, 66 L.Ed.2d 500. See also: *State v. Drake,* 6 Or.App. 282, 487 P.2d 901 (1971); *State v. Cotton Belt Insurance Company,* 97 N.M. 152, 637 P.2d 834 (1981).

As stated in *United States v. Skipper,* supra, 633 F.2d at 1180:

" * * * The duty rested with the district court to make the decision on remission. Our task is only to determine whether that decision was arbitrary and capricious, not to substitute our discretion for that of the district judge."

The federal courts have also established various guidelines to be utilized in reviewing the district court's exercise of discretion in bail-forfeiture and remission matters which we deem adequate. These factors were set out in *United States v. Castaldo,* 667 F.2d 20, 21 (9th Cir.1981):

"Rule 46(e)(1) mandates the forfeiture of a bond upon the breach of a bond condition, such as the defendant's non-appearance. The rule, however, confers discretion upon the trial court to set aside or remit all or part of a forfeiture 'if it appears that justice does not require the enforcement of the forfeiture.' Fed.R. Crim.P. 46(e)(2) and (4). A trial court should consider several factors when deciding whether to remit or set aside a forfeiture, including 1) the willfulness of the defendant's breach of conditions; 2) the participation of the sureties in apprehending the defendant; 3) the cost, inconvenience and prejudice suffered by the government as a result of the defendant's breach; and 4) any explanation or mitigating factors presented by the defendant. See *United States v. Stanley,* 601 F.2d 380, 382 (9th Cir.1979) (per curiam). We will not overturn a trial court's ruling on a motion to set aside or remit a forfeiture absent an abuse of discretion. Id. at 382."

See also: *United States v. Frias-Ramirez,* 670 F.2d 849 (9th Cir.1982), cert. denied —— U.S. ——, 103 S.Ct. 94, 74 L.Ed.2d 86. Other factors were discussed by the court in *United States v. Parr,* supra:

"The purpose of a bail bond is not punitive. Its object is not to enrich the government or punish the defendant. *Dudley v. United States,* 242 F.2d 656 (5th Cir.1957); *United States v. Davis,* [202 F.2d 621 (7th Cir.1953) ]. Nor can it

be 'used as a balm to soothe the disappointment resulting from the inability to punish and rehabilitate.' [*United States v.*] *Parr*, [560 F.2d 1221 (5th Cir.1971)] at 1224. The 'forfeiture ought to bear some reasonable relation to the cost and inconvenience to the government of regaining custody . . . .' [*United States v.*] *Kirkman*, [426 F.2d 747 (4th Cir.1970)], the amount of delay caused by the defendants default and the stage of the proceedings at the time of disappearance; *United States v. Fook Dan Chin*, 304 F.Supp. 403, (S.D.N.Y.1969), the willfulness of the defendant breach of conditions and the prejudice suffered by the government, *United States v. Nell*, 169 U.S.App.D.C. 380, 515 F.2d 1351 (1975); and the public interest and necessity of effectuating the appearance of the defendant. *United States v. Agueci*, 379 F.2d 277 (2nd Cir. 1967). 'Neither frustration nor its kinsman vindictiveness should be of weight in tipping the scales by which the elements of the court's discretion is weighed.' *Parr*, supra at 1224." 594 F.2d at 444.

■ Appellant argues that upon an application of the above considerations, the record reflects an abuse of discretion on the part of the district judge. Allied's main contention is that there is no proof to substantiate a finding that $40,000 equals the costs incurred by the government as a result of Grubbs' breach. Allied also attempts to argue that several relatives of Grubbs, who apparently indemnified Allied, will suffer hardship as a result of the forfeiture and that the district court improperly failed to consider this factor. We disagree and cannot conclude that the record reflects any arbitrary or capricious action on the part of the district court in refusing to remit any more than $20,000 of the bond.

A review of the judge's decision reflects that he considered all of the mitigating factors posed by Allied as well as the costs claimed to be involved by the State. Upon review of these factors, the court chose to remit $20,000 of the forfeited amount and we cannot say that such decision reflects a patent abuse of discretion. We are not in the position to say whether a $30,000, $40,000 or even a $50,000 remission would have been more appropriate, but only whether the $20,000 remission reflects an arbitrary or capricious decision not supported by the facts. Given the state of the record, we will not overturn the district court's decision. The proper factors were considered and the $20,000 remission was far from an arbitrary and capricious decision. Moreover, we are of the opinion that the district judge has abided by the following standard:

"Discretion cannot be exercised 'arbitrarily or willfully, but with regard to what is right and equitable under the circumstances and the law, and directed by the reason and conscience of the judge to a just result.' *Langnes v. Green*, 282 U.S. 531, 541, 51 S.Ct. 243, 247, 75 L.Ed. 520 (1931) * * *." 594 F.2d at 444.

■ Finally, appellant contends that upholding the $40,000 forfeiture of the bond will have a chilling effect on the willingness of companies such as Allied to assist criminal defendants in exercising their right to bail. We cannot answer this contention more effectively than was done in *United States v. Castaldo*, supra:

"Finally, the appellants' policy argument fails. The forfeiture will not have a chilling effect on the willingness of bonding companies to help criminal defendants exercise their constitutional right to bail. Instead, it will encourage bonding companies to ascertain more carefully the value of the security given by defendants, to consider the likelihood of the defendant breaching a bond condition, to take reasonable precautions to assure the defendant's appearance, and to cooperate fully in efforts to reapprehend a defendant who fails to appear." 667 F.2d at 22.

Appellant assumed the risks in this case, and through its agent it guaranteed to the court that Grubbs would abide by the terms of his conditional-release agreement. The defendant breached those conditions and also committed another violent crime while under Allied's supervision, at a high cost to the State and society. The trial judge acted properly and within his powers.

Affirmed.