C.M. DANIELS, Insurer, Janell Leonard, Bondsman, Dan Holman, Defendant, Appellants,

v.

MATERIAL PRODUCERS, INC., Appellee.

No. 61549.

Supreme Court of Oklahoma.

March 7, 1989.

Forest N. Simon, Oklahoma City, for appellants.

Philip Warren Redwine, Redwine and Kappel, Norman, for appellee.

HARGRAVE, Chief Justice.

Certiorari to Court of Appeals, Division 2, to review an unpublished order. We granted certiorari previously and now vacate the order of the Court of Appeals and affirm the order of the trial court. This case has an involved procedural history which will be summarized below.

Plaintiff, Material Producers, Inc., obtained a default judgment against Dan Holman & Associates, Inc. on May 12, 1982. Dan Holman, president of Dan Holman & Associates, Inc., appeared at a hearing on assets at which settlement was reached and the trial court entered an order whereby Dan Holman & Associates, Inc. agreed to pay the amount of the judgment in full within thirty days, upon penalty of contempt. Payment was not made pursuant to the order and, on October 4, 1982, plaintiff filed an application for contempt citation. Contempt citation was issued against Dan Holman on October 12, 1982, and an order of temporary commitment to jail was entered. Holman posted a $6,500.00 appearance and supersedeas bond given by appellants, C.M. Daniels and Janell Leonard.

Holman's arraignment on the contempt charge was set for October 26, 1982, but was continued until December 8, 1982, in order to give both sides an opportunity to brief the question of the propriety of Holman's being held in contempt for failure of Dan Holman & Associates, Inc. to comply with the court's order to pay. The arraignment was passed from December 8 to December 15, 1982, at which time Holman failed to appear and the court ordered the bond forfeited. Holman's counsel filed a motion to set aside that order of forfeiture. The motion was heard by the trial court on January 10, 1983 and the order of forfeiture was withdrawn by minute order of that date.

The events culminating in this appeal began when plaintiff filed a motion to forfeit bond on March 3, 1983. The motion sought forfeiture on the grounds that defendant had failed to file a brief, despite being ordered to do so by the court at the January 10, 1983 hearing, and "for failure of defendant to diligently prosecute". This motion was set for hearing on the court's regular motion docket on March 29, 1983. A copy of the motion, with the hearing date noted at the bottom, was mailed to Holman's attorney. On March 9, 1983, Holman's attorney filed a brief. Neither Holman nor his attorney appeared at the March 29, 1983 hearing and the trial court ordered the bond forfeited.

Holman's attorney timely moved to set aside the order of forfeiture, offering as excuse for his failure to appear that notice was received at his office, but that due to his absence at the time the motion was not docketed. The hearing on the motion to set aside was postponed from April 27 to August 1, 1983. Neither Holman nor his attorney appeared on August 1, 1983 and the trial court overruled the motion to set aside by order of that date. No appeal was taken from the August 1, 1983 order.

Holman's attorney filed a second motion to set aside on August 11, 1983, asserting the same grounds as in his previous motion, and also asserting that the parties had reached tentative settlement that would have made the August 1 hearing moot. He alleged that on August 5, 1983 Holman tendered payment in accordance with the settlement, but that the tender was refused by plaintiff. The trial court denied defendant's second motion to set aside by minute order dated September 6, 1983. No appeal was taken from that order. Execution on the bond and application for order to disburse funds to plaintiff were filed and the court ordered disbursement of funds to plaintiff by defendant's surety on October 7, 1983.

On November 10, 1983, sureties filed a motion to vacate the March 29, 1983 order of forfeiture and for remission thereof, pursuant to 12 O.S.1981 § 1038 for vacation of void judgments. The court denied sureties' motion on December 5, 1983, on the ground that the motion had not been timely filed. Sureties commenced this appeal by filing their petition in error to this Court on January 4, 1984.

On appeal sureties urge that (a) trial court erred in forfeiting the appearance bond based upon failure of defendant's counsel to file a brief, (b) trial court erred in overruling the motion to set aside bond forfeiture and remit, (c) that trial court erred in disbursing bond forfeiture monies to plaintiff, and (d) that trial court erred in failing to find that the order forfeiting bond as well as the order directing disbursement of bond monies were void. Plaintiff filed a motion to dismiss the appeal for want of jurisdiction because of sureties' failure to timely appeal the court's order overruling defendant's motion to set aside bond forfeiture dated August 1, 1983.

The Court of Appeals first considered the motion to dismiss the appeal. The Court of Appeals broadly interpreted 59 O.S Supp. 1982 § 1332(3) (since amended) in order to find jurisdiction on appeal. The Court of Appeals then ruled that the trial judge had properly entered the order of forfeiture. Sureties sought certiorari to this Court on the grounds that the holding of the Court of Appeals was not in accord with applicable law.

We do not reach the issues raised by sureties on certiorari because our review of the record reveals that the only issue preserved for appeal is the propriety of the trial court's overruling appellants' motion to vacate and for remission on December 5, 1983. All other grounds have been waived because of failure to timely appeal the court's final order of forfeiture entered August 1, 1983, overruling Holman's motion to set aside.

■ The trial court's order overruling defendant's motion to set aside order of forfeiture on August 1, 1983, and the trial court's order overruling sureties' motion to vacate and for remission on December 5, 1983 are both final, appealable orders. *Presbyterian Hospital v. Board of Tax-Roll Corrections of Oklahoma County,* 693 P.2d 611 (Okl.1984). No appeal was taken from the trial court's order of August 1, 1983 overruling defendant's motion to set aside and that order became final. Sureties' petition in error was filed January 4, 1984, more than five months after the order was entered. The trial court's order of August 1, 1983 overruling defendant's motion to set aside order of forfeiture became final on the issue of whether the order of forfeiture was proper.

Title 59 O.S.Supp.1982 § 1332 provided that upon forfeiture of bail bond, the court clerk would notify the bondsman, who may within sixty days file a motion to set aside. When the motion to set aside is timely filed, it shall be set for hearing. In the case at bar, the bond was ordered forfeited on March 29, 1983, the bondsman was notified by mail and the defendant timely filed a motion to set aside. The hearing was set for April 27 and passed until August 1, 1983. Section 1332 provided that if the motion to set aside is denied by the court, the court shall enter judgment of forfeiture and the clerk shall at once record the judgment. In the case at bar the trial court denied defendant's motion to set aside on August 1, 1983 and judgment was entered accordingly. Section 1332 then provided that the bondsman may appeal from the judgment to the Supreme Court "as in all other civil cases". 59 O.S.Supp.1982 § 1332(1). No appeal was taken from the order of August 1, 1983, which then became final on the issue of whether the trial court properly ordered forfeiture of the bond.

■ The trial court's order of December 5, 1983, overruling sureties' motion to vacate, was a final, appealable order. Sureties timely appealed from that order by filing their petition in error to this Court on January 4, 1984. The appealable issue in this case is limited to the propriety of the trial court's overruling sureties' motion to vacate. Sureties' motion to vacate and for remission filed November 10, 1983 was premised upon 12 O.S.1981 § 1038 providing for vacation of void judgments. In that motion, sureties attempted to attack the March 29, 1983 order of forfeiture. If the trial court's original order of forfeiture rendered on March 29, 1983 were void, it could be vacated at any time. 12 O.S.1981 § 1038. See, *Crews v. Shell Oil Company,* 406 P.2d 482 (Okl.1965).

■ Sureties argue that the trial court ordered defendant's bond forfeited because

of failure of defendant's counsel to file a brief and for failure of defendant to diligently prosecute, but that forfeiture of an appearance bond will not lie on those grounds. Thus, they argue, there was no breach of the undertaking on the bond and the court's order of forfeiture was void. We disagree. Even if the trial court entered an erroneous order, the order was not void. The order of forfeiture is not void on its face nor does it fall within any of the 12 O.S.1981 § 1031 grounds for vacation. See, *Russell v. State,* 488 P.2d 1264 (Okl. 1971). In *Russell,* the trial court failed to give the statutory ten-day notice required by 59 O.S.Supp.1970, § 1326(b). We held that while the trial court, at the time it entered its order of forfeiture, was mistaken concerning the statutory obligations required of the court, there was nothing that would divest the court of its power to order the bond forfeiture, nor would such order of forfeiture be void. In that case we ruled that the trial court had jurisdiction to enter the order of forfeiture even if erroneous and that order of forfeiture would be conclusive, even if based upon a mistake of law, because it was not appealed from. In the case at bar, the trial court's order of forfeiture rendered on March 29, 1983, even if entered for an improper reason, was not void and any errors must have been raised by timely appeal from that order. Thus, we hold that the trial court properly overruled sureties' motion to vacate because the order of forfeiture was not void.

█ The Court of Appeals found that appellate jurisdiction existed to consider the propriety of the trial court's forfeiture order due to the peculiar nature of bond forfeiture statutes which had been amended to provide for procedure for sureties to regain their property even after final judgment of forfeiture.[1] This apparently was in response to sureties' arguments in part III of their brief in chief. This issue, however, was never raised before the trial court below. Sureties' motion to vacate, filed on November 10, 1983 vaguely alluded to 59 O.S.Supp.1982, § 1330 et seq which "made provisions for setting aside of forfeiture even after the statutory sixty-day period". Sureties never argued that they were entitled to relief from forfeiture because of their actions subsequent to the order overruling their motion to set aside, which was the final order of forfeiture. The transcript of the hearing on the motion to vacate reveals that the sureties argued only that defendant had appeared before the court on April 27, 1983, within sixty days after the March 29, 1983 order of forfeiture. This issue was raised for the first time in appellants' brief in chief and will not be considered on appeal.

We find that the trial court did not err in denying appellants' motion to vacate by its order of December 5, 1983.

CERTIORARI HAVING BEEN GRANTED PREVIOUSLY, OPINION OF THE COURT OF APPEALS IS VACATED AND TRIAL COURT'S ORDER OF DECEMBER 5, 1983 IS AFFIRMED.

HODGES, LAVENDER, DOOLIN and ALMA WILSON, JJ., concur.

SIMMS, J., concurs in judgment.

OPALA, V.C.J., and KAUGER and SUMMERS, JJ., dissent.

---

1. The Court of Appeals cited 59 O.S.Supp.1982 § 1332.