2002 WY 103

In the Matter of the Application of Action Bailbonds for Remission of a Judgment of Bond Forfeiture.

ACTION BAILBONDS, Appellant
(Respondent),

v.

The STATE of Wyoming, Appellee
(Petitioner).

In the Matter of the Application of Action Bailbonds for Remission of a Judgment of Bond Forfeiture.

Action Bailbonds, Appellant
(Respondent),

v.

The State of Wyoming, Appellee
(Petitioner).

Nos. 00–335, 01–20.

Supreme Court of Wyoming.

July 10, 2002.

Rick L. Koehmstedt of Schwartz, Bon, Walker & Studer, Casper, WY, Representing Appellant. Argument by Mr. Koehmstedt.

Gay Woodhouse, Attorney General; Paul S. Rehurek, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General; and P. Olen Snider, Jr., Senior Assistant Attorney General, Representing Appellee. Argument by Mr. Snider.

Before HILL, C.J., and GOLDEN, LEHMAN,* KITE, and VOIGT, JJ.

LEHMAN, Justice.

[¶ 1] This is a consolidated appeal from the partial forfeiture of two surety bonds.[1] We reverse, in part, and remand with directions, in part.

### ISSUES

[¶ 2] Appellant, Action Bailbonds (Action), sets forth the following issues:

A. Whether in Case No. 00–335 the district court erred when it forfeited a portion of the surety bond posted by appellant Action Bailbonds[.]

1. Did the district court err by forfeiting a portion of the surety bond for violation of bond condition which was not related to court appearance, contrary to the Wyoming Rules of Criminal Procedure?

2. Did the district court err by forfeiting a portion of the surety bond for violation of bond condition which was not related to court appearance, contrary to the clear and unambiguous language of the surety bond?

B. Whether in Case No. 01–20 the district court abused its discretion by forfeiting a portion of the surety bond posted by appellant Action Bailbonds[.]

---

* Chief Justice at time of oral argument.

1. Case No. 00–335 (Daugherty case) deals with those facts surrounding a surety bond issued on behalf of Raney Ray Daugherty while Case No.

Appellee, State of Wyoming (State), enumerates the issues as follows:

1. Has the appellant properly and lawfully invoked the appellate jurisdiction of this court?

2. Did the district court patently abuse its discretion in partially granting the appellant's motions to set aside the bond forfeitures?

### FACTS

[¶ 3] In the Daugherty case, Action posted a surety bond on behalf of Daugherty. As a condition of this bond, Daugherty was ordered to report to the Day Reporting Center of Casper, Inc. However, Daugherty did not report to this facility as required. Based on this failure, the State filed a motion to forfeit the surety bond, with the district court partially granting that motion. Ultimately, an order was entered by the district court declaring a forfeiture of $500.00 of the surety bond posted.

[¶ 4] In the Moore case, Action also submitted a surety bond for Moore. Moore then failed to appear at his sentencing hearing, and the district court entered an order forfeiting that surety bond. Action filed a motion to set aside the surety bond forfeiture. Upon review, the district court partially granted that motion and set aside $1,500.00 of the $5,000.00 surety bond forfeiture. Accordingly, the district court entered an order declaring a forfeiture of $3,500.00 of the surety bond posted.

### STANDARD OF REVIEW

[¶ 5] We recognized in the case of *Northwest Bail Bonds v. State*, 2002 WY 102, ¶ 6, 50 P.3d 313, ¶ 6 (Wyo.2002):

An appellate court will not interfere with a trial court's discretionary rulings absent a clear abuse of discretion. *Semler v. Semler*, 924 P.2d 422, 424 (Wyo.1996). This general rule applies to decisions on motions to set aside a bond forfeiture.

---

01–20 (Moore case) is concerned with those circumstances surrounding a surety bond posted for Jimmie Dean Moore.

"[T]he decision to grant or deny a remission is a discretionary one that will only be overturned on appeal for a patent abuse of discretion amounting to arbitrary and capricious action." *Application of Allied Fidelity Ins. Co.*, 664 P.2d 1322, 1325 (Wyo. 1983). Assessing whether there has been an abuse of discretion involves determining whether the evidence was sufficient to support the district court's decision. *Basolo v. Basolo*, 907 P.2d 348, 353 (Wyo.1995). One factor in that assessment is whether the district court's "conclusions [were] drawn from objective criteria." *Mintle v. Mintle*, 764 P.2d 255, 257 (Wyo.1988) (quoting *Martin v. State*, 720 P.2d 894, 897 (Wyo. 1986)). The burden is upon the appellant to show an abuse of discretion. *Blake v. State*, 933 P.2d 474, 477 (Wyo.1997).

### DISCUSSION

#### Real Party In Interest

■ [¶ 6] The State, for the first time on appeal, argues that Action is not a real party in interest and, as such, cannot lawfully invoke this court's appellate jurisdiction. Specifically, the State proffers this argument contending that because Action purports to be acting in these consolidated appeals as an agent for Amwest Surety Insurance Company, it does not have appropriate standing before this court since Action, as solely a trade name, is not recognized as a legally cognizable person and does not have a sufficient stake in this litigation. Further, the State argues that an insurance agent may not commence or maintain an appeal on behalf of its insurance company principal. Finally, the State argues that while either Amwest Surety Insurance Company or Jeanine Beagle [2] may be real parties in interest, neither have appropriately filed a notice of appeal and are barred from now entering this matter. We do not agree.

[¶ 7] Wyoming Rules of Civil Procedure 17(a) states:

*Real party in interest.*—Every action shall be prosecuted in the name of the real

party in interest. An executor, administrator, guardian, bailee, trustee of an express trust, a party with whom or in whose name a contract has been made for the benefit of another, or a party authorized by statute may sue in that person's own name without joining the party for whose benefit the action is brought.... No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest; and such ratification, joinder, or substitution shall have the same effect as if the action has been commenced in the name of the real party in interest.

■ [¶ 8] It has also long been recognized that where an objection in the trial court that a party is not the real party in interest is not timely voiced, such delay constitutes a waiver of any objection on that ground. *Gifford–Hill–Western, Inc. v. Anderson*, 496 P.2d 501, 502 (Wyo.1972). Moreover, it has also been recognized by this court that pursuant to W.R.C.P. 9 and 17 whether a plaintiff is a real party in interest should be submitted as an affirmative defense particularly considering the rights of ratification, joinder, or substitution provided in Rule 17 and cannot be presented for the first time on appeal. *Cockreham v. Wyoming Production Credit Ass'n*, 743 P.2d 869, 873–74 (Wyo.1987).

[¶ 9] In addition, it is aptly pointed out by Action in its reply brief, that the State has accepted Action as a proper party to contract with as a surety on both bonds which are the subject of this consolidated matter and that Action was directly ordered by the court to forfeit partial amounts of the surety bonds involved. Finally, both of the notices of appeal in these cases state clearly that Action is the party appealing these matters and that it posted both bonds involved. Therefore, Action has a clear stake in the outcome of this action. Accordingly, we hold that the State

---

**2.** Ms. Beagle apparently operates Action Bail Bonds as either a sole proprietorship or under a fictitious name while being personally registered as an agent for Amwest Surety Insurance Com-

pany for fidelity and surety lines of insurance with the State of Wyoming Department of Insurance.

has waived any objection concerning whether Action is a real party in interest in this matter.

## Daugherty Forfeiture Issues

■ [¶ 10] Action contends that the Wyoming Rules of Criminal Procedure do not allow for the forfeiture of bond for a violation of a bond condition which is not related to court appearance. In particular, Action argues an internal conflict exists within the Wyoming Rules of Criminal Procedure since Rule 46 mandatorily requires the forfeiture of a bond upon breach of any bond condition while Rule 46.4 provides for a bond forfeiture solely if a person fails to appear with any other violation of the conditions of bond allowing a court, in its discretion, to only revoke the bond. As such, Action asserts it was improper for the district court to order a partial forfeiture of the surety bond posted on behalf of Daugherty on the basis that he failed to report to the Day Reporting Center of Casper, Inc. as required. We agree.

[¶ 11] Wyoming Rules of Criminal Procedure 46(f) states as follows:

(f) *Forfeiture of bail.—*

(1) Declaration.—If there is a breach of condition of a bond, the court shall declare a forfeiture of the bail.

(2) Setting Aside.—The court may direct that a forfeiture be set aside in whole or in part, upon such conditions as the court may impose, if a person released upon execution of an appearance bond with a surety is subsequently surrendered by the surety into custody or if it otherwise appears that justice does not require the forfeiture.

Further, W.R.Cr.P. 46.4 provides:

**Sanctions for failure to appear or for violation of release order.**

(a) *Failure to appear.*—Whoever having been released under Rule 46 through 46.4 knowingly fails to appear before a court as required by the conditions of release, or fails to surrender for service of sentence pursuant to a court order may be punished for contempt. It is an affirmative defense to a prosecution under this section that uncontrollable circumstances prevented the person from appearing or surrendering, and that the person did not contribute to the creation of such circumstances in reckless disregard of the requirement to appear or surrender, and that the person appeared or surrendered as soon as such circumstances ceased to exist.

(b) *Declaration of forfeiture.*—If a person fails to appear before a court as required and the person executed an appearance bond, the judicial officer may regardless of whether the person has been charged with an offense under this rule, declare any property designated pursuant to 46.1 to be forfeited to the State of Wyoming.

(c) *Violation of release condition.*—A person who has been released under 46.1, 46.2 or Rule 46.3 and who has violated a condition of that release, is subject to a revocation of release and a prosecution for contempt of court.

[¶ 12] Upon our review of the language found in the Wyoming Rules of Criminal Procedure, we conclude that two separate and distinct interpretations may be reached. Under Rule 46, it is mandatory for a court to determine that bond is forfeited for any breach of the conditions of bond. However, pursuant to Rule 46.4(b) and (c), a court may forfeit bond and/or revoke bond if a person fails to appear and is relegated, if it so desires, to only revoke bond if any other condition of bond is violated. Accordingly, we find that inconsistency exists between these rules.

[¶ 13] Recognizing this inconsistency, we hold that the Wyoming Rules of Criminal Procedure in effect at the time of this action must be construed to only allow a court to revoke bond upon violation of any condition of bond not related to appearance. Indeed, we cannot support any other conclusion upon considering the applicable rules *in pari materia* and in an effort to apply their contrary provisions while at the same time attempting to construe them in harmony and not allow any part to be rendered superfluous or meaningless.

[¶ 14] This court has recently amended, effective September 1, 2001, W.R.Cr.P. 46.4(b) to read as follows:

If a person fails to appear before a court as required, or *fails to comply with any condition set by the court pursuant to Rule 46.1(c)* and the person executed an appearance bond, the judicial officer may, regardless of whether the person has been charged with an offense under this rule, declare any property designated pursuant to 46.1 to be forfeited to the State of Wyoming.

(Emphasis added.) This recent amendment to Rule 46.4(b) was made by this court to remedy the inconsistencies set forth above.

[¶ 15] Moreover, we find that our construction of the applicable rules involved produces a more equitable result as, prior to the amendment to Rule 46.4(b) mentioned above, sureties arguably may not have been adequately put on notice that forfeiture of a bond could result from the violation of any bond condition outside the requirement that a defendant appear before the court when so directed. This result is also consistent with the long established legal adage that the law abhors a forfeiture. *Walker v. Graham*, 706 P.2d 278, 281–82 (Wyo.1985).

[¶ 16] Accordingly, we hold that the district court abused its discretion when it entered its order declaring a forfeiture of $500.00 of the surety bond posted since, under the law then in force, the district court could only revoke the bond posted with respect to the violation of Daugherty in not reporting to the Day Reporting Center of Casper, Inc. a condition of bond not related to appearance before the court.[3]

### Moore Forfeiture Issues

[¶ 17] Action contends that under the established law with respect to forfeiture of bonds, the district court abused its discretion when it refused to set aside the entire amount of the bond forfeiture ordered with respect to Moore. As we stated in the case of *Northwest Bail Bonds*, ¶ 8:

It is important to note the procedural context of a contested bond forfeiture. W.R.Cr.P. 46(f)(1) provides that "[i]f there is a breach of condition of a bond, the court

*shall* declare a forfeiture of the bail." (Emphasis added.) Use of the word "shall" indicates that this decision is mandatory rather than discretionary. *LePage v. State, Dep't of Health*, 2001 WY 26, ¶¶ 11, 12, 18 P.3d 1177, ¶¶ 11, 12 (Wyo. 2001). The bail must be forfeited. The discretion of the district court is exercised under W.R.Cr.P. 46(f)(2):

The court may direct that a forfeiture be set aside in whole or in part, upon such conditions as the court may impose, if a person released upon execution of an appearance bond with a surety is subsequently surrendered by the surety into custody or if it otherwise appears that justice does not require the forfeiture.

These rules being structured as they are, the issue comes to the district court not by way of a motion from the State to forfeit the bail, but by way of a motion from the appellant to set aside the forfeiture. The intent and effect of this structure is to place the burden on the surety to show why the forfeiture should be set aside. *State v. Martinez–Gonzales*, 145 Ariz. 300, 701 P.2d 8, 10 (App.1985); *Bob Cole Bonding v. State*, 340 Ark. 641, 13 S.W.3d 147, 149 (2000); *State v. Hedrick*, 204 W.Va. 547, 514 S.E.2d 397, 403 (1999).

[¶ 18] Having set forth the context of a bond forfeiture review, we must also look at the applicable criteria that must be considered and applied by a court when considering a motion from a surety to set aside forfeiture of a bond. Again, we recognized in the case of *Northwest Bail Bonds*, ¶ 9:

Application of Allied Fidelity Ins. Co. [664 P.2d 1322 (Wyo.1983)] recited both general principles and specific factors that a judge should consider when faced with a motion to set aside a bail bond forfeiture. The general principles include:

The purpose of a bail bond is not punitive. Its object is not to enrich the government or punish the defendant. Nor can it be used "as a balm to soothe the disappointment resulting from the inability to punish and rehabilitate." ... "Neither frustration nor its kinsman

---

**3.** We do not address any contract related arguments made by Action on appeal as our above

holding renders any discussion on such issues moot.

vindictiveness should be of weight in tipping the scales by which the elements of the court's decision is weighed."

*Application of Allied Fidelity Ins. Co.*, 664 P.2d at 1325–26 (quoting *United States v. Parr*, 594 F.2d 440, 444 (5th Cir.1979)).

[¶ 19] We also for some time now have established that a court must consider and apply certain factors in such instances. These factors were initially set forth in the case of *Application of Allied Fidelity Ins. Co.* Specifically, the district court must consider:

1. The willfulness of the defendant's breach of conditions;

2. The reasonable relationship between the forfeiture ordered and the cost and inconvenience to the government of regaining custody of the defendant;

3. The participation of the surety in apprehending the defendant;

4. The cost, inconvenience and prejudice suffered by the government as a result of the defendant's breach;

5. The amount of delay caused by the defendant's default and the stage of the proceedings at the time of the disappearance;

6. The public interest and necessity of effectuating the appearance of the defendant; and

7. Any explanation or mitigating factors presented by the defendant.

*Application of Allied Fidelity Ins. Co.*, at 1325–26 (citing *United States v. Castaldo*, 667 F.2d 20, 21 (9th Cir.1981), *cert. denied* 456 U.S. 978, 102 S.Ct. 2245, 72 L.Ed.2d 853 (1982), and *United States v. Parr*, 594 F.2d 440, 444 (5th Cir.1979)).

[¶ 20] In reviewing whether an abuse of discretion has occurred, we must make an in depth review of the record before us. If the record is not adequate for us to make such a review, we may remand the matter back for further proceedings and the

development of the bases used by the court for its determination. *Frankel v. Board of County Comm'rs of Teton County*, 2002 WY 13, ¶ 12, 39 P.3d 420, ¶ 12 (Wyo.2002); *Gillis v. F & A Enterprises*, 813 P.2d 1304, 1308 (Wyo.1991); *Board of County Comm'rs of Teton County v. Teton County Youth Servs., Inc.*, 652 P.2d 400, 411–14 (Wyo.1982).

[¶ 21] Our review of the record evidences no adequate bases for the ultimate conclusion made by the district court that Action should forfeit $3,500.00 of the bond posted on behalf of Moore. While the record on appeal does reflect the court was apprised at hearing of the fact that Action took efforts to apprehend Moore and did ultimately return him to the court and a discussion was held during the hearing concerning the delay caused by Moore's breach, the public's interest and necessity of effectuating the appearance of Moore, and proffered explanation or mitigating factors presented as to why Moore failed to appear at the scheduled sentencing hearing, the record is unclear as to whether or not the court did or did not, in actuality, consider each of these factors in making its ultimate determination. Further, while the court did recognize that it needed to consider the cost, inconvenience, and prejudice suffered by the government as a result of Moore's breach, the court only recognized that the government was required to prepare and issue certain paperwork related to Moore's failure to appear and that the government and the court were prepared to proceed with a sentencing hearing when originally scheduled.[4] No other actual evidence was taken by the court concerning this factor, as the court concluded on its own that these facts were simply too difficult to determine with any precision.

[¶ 22] Review of the hearing transcript also does not make it clear if the district court considered the willfulness of Moore's breach, the stage of the proceedings at the

---

4. Action in its reply brief at fn.6 asserts that the district court holds criminal arraignments and sentencing hearings daily on Tuesday through Friday. Therefore, the government and court personnel would have been present in court regardless of Moore's appearance at the scheduled

sentencing hearing. While the record before us does not support these assertions, if this is in fact true, it must be taken into account by the court in making its determination as a part of the required factors noted above.

time of Moore's failure to appear,[5] or the reasonable relationship between the forfeiture ordered and the cost and inconvenience to the government of regaining custody of the defendant. We further note that review of the order entered by the district court setting aside a part of the forfeiture of the bond is of little assistance in our attempted determination as to the required and necessary bases of the court's ruling since it simply indicates that the district court had "considered the respective positions and arguments of the parties" and that Action had surrendered Moore into custody without the aid and assistance of law enforcement or any other agent of the State.

[¶ 23] Finally, comments made by the district court at the hearing may infer an intention to declare a substantial forfeiture as a lesson to bonding companies. The court stated:

> There's different ways I can look at this. I don't think I can be punitive. At the same time I think that a bond that's going to mean what it intends to mean, that is that there will be a loss of funds for a failure to appear, if it's going to have force and effect in assuring an appearance, it shouldn't always be set aside, allowed to be reinstated for the surrender of the Defendant back into Court.

> In any event, I'm going to set aside $1,500 of the $5,000 amount. I am going to require that the remaining $3,500 be paid to the Court within 14 days from today.

Certainly, while the court recognized that it could not be punitive or base its determination on frustration or vindictiveness as set forth in *Application of Allied Fidelity Ins. Co.*, 664 P.2d at 1325–26 (quoting *United States v. Parr*, 594 F.2d at 444), a thorough basis for the ultimate conclusion must be explained to avoid any inference of the court's motivation.

[¶ 24] Therefore, we remand this matter back to the district court for further proceedings and the express development of the facts which exist in this case as they relate to each of the factors set forth herein which must be considered when a motion to set aside a bond forfeiture is at issue.

### *CONCLUSION*

[¶ 25] We reverse the order of the district court in the Daugherty case calling for a forfeiture of the surety bond in the amount of $500, holding that the district court's only authority, given Daugherty's failure to report for drug testing, to be the revocation of the bond originally issued. Further, with respect to the order of the district court in the Moore case providing for the forfeiture of $3,500 of the surety bond, we remand such issues back to the district court for further proceedings consistent with this opinion.

VOIGT, Justice, dissenting, with which KITE, Justice, joins.

[¶ 26] In Case No. 00–335, I respectfully dissent because I disagree with the majority's conclusion that the versions of W.R.Cr.P. 46 and W.R.Cr.P. 46.4 in effect at the time of this action were inconsistent. I believe the rules were compatible and clear enough to be enforced. W.R.Cr.P. 46(f)(1) stated that bail shall be forfeited if there is a breach of a bond condition. W.R.Cr.P. 46(f)(2) allowed for part or all of that forfeiture to be set aside. W.R.Cr.P. 46.4(a) added that a failure to appear may be punished as contempt of court. W.R.Cr.P. 46.4(b) said that the bond may be forfeited whether or not the defendant who failed to appear was charged with contempt. And finally, W.R.Cr.P. 46.4(c) provided that, for violation of a condition of release, a defendant was subject both to prosecution for contempt and to revocation·of release. Consequently, the district court did not abuse its discretion when it declared a forfeiture of Daugherty's bail; in fact, it was mandated to do so by W.R.Cr.P. 46(f)(1). The district court then further appropriately exercised its discretion under W.R.Cr.P. 46(f)(2) by setting aside $500.00 of the $1,000.00 forfeiture.

[¶ 27] In Case No. 01–20, I respectfully dissent for the same reasons I dissented in *Northwest Bail Bonds, Inc. v. State*, 2002 WY 102, 50 P.3d 313 (Wyo.2002). The rec-

---

**5.** See fn. 4.

ord is sufficient in this case, as it was in *Northwest Bail Bonds, Inc.*, for this Court to determine that the district court adequately considered the factors from *Application of Allied Fidelity Ins. Co.*, 664 P.2d 1322 (Wyo. 1983). After a hearing at which *Application of Allied Fidelity Ins. Co.* factors were discussed, the district court exercised its discretion by remitting $1,500.00 of the $5,000.00 bail forfeiture. It is not for us to nitpick that decision. I would not hold, as the majority appears to hold, that the record must reflect that the judge considered each and every *Application of Allied Fidelity Ins. Co.* factor. We said in *Application of Allied Fidelity Ins. Co.* that we would not overturn the district court's decision unless there had been "a patent abuse of discretion amounting to arbitrary and capricious action." *Id.* at 1325. I just cannot find such abuse in this case. In addition, rather than characterizing the forfeiture in this case as an attempt to teach bonding companies a lesson, I would characterize it as an attempt to foster deterrence, which should be adopted by this Court as an acceptable consideration in bond forfeitures. *See Accredited Sur. & Cas. Co. v. United States,* 723 F.2d 368, 370 (4th Cir. 1983) and *State v. Hedrick,* 204 W.Va. 547, 514 S.E.2d 397, 407 (1999).