**Arelia GÓMEZ, an agent of Alaskan Bail Bonds, Appellant,**

v.

**STATE of Alaska, Appellee.**

No. A–9270.

Court of Appeals of Alaska.

Dec. 7, 2007.

Jon Buchholdt, Anchorage (opening brief), and Eugene B. Cyrus, Chugiak (reply brief), for the Appellant.

Tamara E. de Lucia, Assistant Attorney General, Office of Special Prosecutions and Appeals, Anchorage, and Talis J. Colberg, Attorney General, Juneau, for the Appellee.

Before: COATS, Chief Judge, and MANNHEIMER and STEWART, Judges.

*OPINION*

MANNHEIMER, Judge.

This is an appeal brought by Arelia Gómez, the agent of a bail bonding company that issued a bail bond to guarantee the appearance of a criminal defendant, James Haynes. When Haynes failed to appear for his sentencing hearing, Superior Court Judge Charles R. Pengilly declared the company's bond forfeit.

About ten months later, after Haynes was captured (apparently with Gómez's assistance), Gómez filed a request for a remission of the forfeiture under Alaska Criminal Rule 41(h)(4). Judge Pengilly declined to hold a hearing on Gómez's request. He concluded (incorrectly, as we explain here) that Gómez had already had the opportunity to argue for remission of the forfeiture, and that her current motion was merely a tardy attempt to obtain reconsideration of the judge's prior ruling.

Gómez now appeals the superior court's refusal to hold a remission hearing under Criminal Rule 41(h)(4). For the reasons explained here, we agree with Gómez that she is entitled to a remission hearing, and we direct the superior court to hold one.

To explain what went wrong in this case, we must first explain the provisions of Alaska Criminal Rule 41(h), the rule that governs bail forfeiture and the potential remission of a forfeiture.

When a criminal defendant fails to appear without explanation, Criminal Rule 41(h)(1) in effect creates a rebuttable presumption that the defendant's failure to appear was willful and that the defendant's bail should be forfeited.

Rule 41(h)(1) states that if a defendant is released on bail after posting a bond or other security, and then the defendant fails to appear in court as required, the court "shall forfeit the security". However, Rule 41(h)(1)

further provides that this judgement of forfeiture "may not be enforced until a hearing is held pursuant to [Rule 41](h)(3) or ... until 30 days after the date of notice of the judgment of forfeiture" (in other words, until the time for requesting a hearing under Rule 41(h)(3) has expired).

Thus, the judgement of forfeiture required by Rule 41(h)(1) is tentative. The court must not enforce this forfeiture until the person who pledged the bond or other security has had an opportunity to seek a hearing under Rule 41(h)(3).

A hearing under Criminal Rule 41(h)(3) has one main purpose: to allow the defendant, or the person who pledged the bond or other security, to show that the defendant's failure to appear was not willful.

Under Rule 41(h)(3), either the defendant or the person who pledged the security has 30 days to file a request for "a hearing to determine whether the defendant's failure to appear was willful." All parties—the government, the defendant, and the person who pledged the security—have the right to be heard at this hearing. Rule 41(h)(3) requires the court to "set aside the judgment of forfeiture if it is proven by a preponderance of the evidence that the [defendant's] failure to appear was not willful." In addition, Rule 41(h)(3) gives the court the discretion to "set aside the judgment of forfeiture if the court concludes [for any other reason] that justice does not require the enforcement of the judgment."

Even if the court confirms the forfeiture of bail at the Rule 41(h)(3) hearing, or in cases where no one requests a hearing (so that the judgement of forfeiture becomes final under Rule 41(h)(1) through the passage of time), this is not the end of the process. Under Criminal Rule 41(h)(4), the person who pledged (and lost) the security has one year to seek either a partial or total remission of the forfeiture.

Rule 41(h)(4) provides:

Within one year after entry of [the] judgment of forfeiture, a person who has given or pledged security may apply to the court for a remission [of the forfeiture], either in whole or in part, based on the return of the defendant with the assistance of the person who gave or pledged [the] security[,] or upon such other extraordinary circumstances as justice requires.

To summarize: Criminal Rule 41(h) provides two separate opportunities for the issuer of a bail bond to attempt to recover a forfeited bond. The first of these opportunities is a hearing under Rule 41(h)(3), where the main issue is whether the bond really should have been forfeited in the first place. The second of these opportunities is a hearing under Rule 41(h)(4), which is premised on the assumption that the forfeiture was proper, but where the person who issued the bond has a chance to show that, because of their help in recapturing the defendant, or because of "other extraordinary circumstances", the forfeited money or property should be remitted in whole or in part.

(This procedure mirrors the bail law of other jurisdictions across the United States. *See United Bonding Insurance Co. v. State*, 242 So.2d 140, 141–42 (Fla.App.1970); *Daniels v. Material Producers, Inc.*, 771 P.2d 205, 207 (Okla.1989); *State v. Emery*, 12 Or.App. 37, 504 P.2d 1405, 1406 (1973). *See also United States v. Zhang*, unpublished, 2000 WL 1532951, *2–5 (S.D.N.Y.2000), which is cited in Wright, King, and Klein's *Federal Practice and Procedure* as illustrative of the three stages of bail forfeiture proceedings: (1) the declaration of forfeiture after the defendant fails to appear; (2) a request to set aside the forfeiture based on the assertion that the failure to appear was not willful; and (3) a request for remission of a properly entered forfeiture.[1])

Having explained Alaska law relating to bail forfeiture and remission, we now turn to the facts of the present case.

On December 12, 2003, Alaskan Bail Bonds posted a $25,000 bond to secure James Haynes's appearance on felony charges. Haynes failed to appear for his sentencing

---

1. Charles Alan Wright, Nancy J. King, & Susan R. Klein, *Federal Practice and Procedure: Criminal* (3rd ed.2004), § 777, Vol. 3B, p. 288.

hearing on January 5, 2004. Accordingly, as directed by Criminal Rule 41(h)(1), Judge Pengilly tentatively declared the appearance bond to be forfeit.

Gómez received notice of this forfeiture on January 20, 2004. Pursuant to Criminal Rule 41(h)(3), the court's notice informed Gómez that she had "30 days ... in which to request a hearing to set aside the above judgment [of forfeiture]."

In early February (that is, within the 30–day period), Gómez requested a hearing on the bail forfeiture. Judge Pengilly held this hearing on March 4, 2004.

At this March 4th hearing, Gómez explained that, in the weeks prior to Haynes's sentencing hearing, both she and Haynes's defense attorney had experienced difficulty in communicating with Haynes. Gómez said that, when she succeeded in having a telephone conversation with Haynes, Haynes's verbal behavior led her to strongly suspect that he was using drugs. In addition, Gómez told Judge Pengilly that she had had an overall "bad feeling" about Haynes.

In response to Gómez's assertions, Judge Pengilly pointed out that none of this was pertinent to the validity of the bond forfeiture. The judge told Gómez, "You secured his appearance. He didn't appear. The bond is forfeited."

Haynes was re-arrested less than three weeks later, on March 22nd. The following day (March 23rd), Gómez faxed an affidavit to Judge Pengilly's chambers. In her affidavit, Gómez described her company's efforts and role in helping the Alaska State Troopers locate and arrest Haynes.

In particular, Gómez's affidavit alleged that her company had spent "hundreds of hours and thousands of dollars on research, the hiring of outside sources, and surveillance work" to locate Haynes—and that, after locating him, her company "immediately contacted [the state troopers] to assist ... in [Haynes's] arrest." Based on these assertions, Gómez "respectfully request[ed] that the bond ... be exonerated."

On April 13th, Judge Pengilly responded to Gómez's request by having his clerk append a handwritten note to the bottom of her affidavit. This note read: "Per Judge Pengilly—no action, bond has already been forfeited[.]"

This was error. Even though Gómez (who is not an attorney) failed to specify that she was seeking a remission hearing under Criminal Rule 41(h)(4), her affidavit clearly set forth grounds for seeking remission of the forfeiture under Rule 41(h)(4).

Judge Pengilly apparently viewed Gómez's affidavit as an attempt to re-open the March 4th hearing. But in her affidavit, Gómez did not question Judge Pengilly's ruling at that March 4th hearing; that is, she did not question the validity of the bail forfeiture. Rather, she set forth grounds for total or partial remission of that forfeiture, based on her role in helping the troopers recapture Haynes.

Seven months later, in November 2004, Gómez secured the assistance of an attorney and (through that attorney) filed a motion seeking a remission of the bail forfeiture (and seeking a hearing on this request). In her motion, Gómez expressly asserted that she was "entitled to a partial or whole remission [of the forfeiture] because she personally assisted the court in apprehending the defendant." The district attorney's office filed a non-opposition to Gómez's request for a hearing to investigate these matters.

Nevertheless, Judge Pengilly summarily denied Gómez's request for remission (i.e., denied the request without giving her a hearing). The judge's order (in its entirety) read:

Bail in [this] case was forfeited at the conclusion of a hearing held on March 4, 2004. Ms. Gomez has now filed a document which can only be characterized as a motion to reconsider that decision. As such, it is well over a year late [under] Alaska [Criminal Rule] 42(k). It is DE-NIED on that ground.

As already explained, Gómez's motion was clearly not a request for reconsideration of Judge Pengilly's ruling at the March 4th hearing. The March 4th hearing was conducted pursuant to Criminal Rule 41(h)(3), and the issue at that hearing was whether Haynes's failure to appear was willful (or whether, for some other reason, the court should not confirm the tentative judgement

of forfeiture required by Rule 41(h)(1) because of Haynes's unexplained failure to appear at his sentencing hearing).

In her November motion, Gómez did not argue that Judge Pengilly acted improperly when, on March 4th, he confirmed the forfeiture of the appearance bond. Rather, Gómez argued that her company's ensuing (and ultimately successful) efforts to locate and recapture Haynes constituted a justification for wholly or partially remitting that forfeiture under Criminal Rule 41(h)(4).

It was therefore error for Judge Pengilly to summarily deny Gómez's request for remission of the forfeiture. The order of the superior court is REVERSED, and the superior court is directed to allow Gómez to present her reasons for a total or partial remission of the bail forfeiture under Criminal Rule 41(h)(4).