2002 WY 102

In the Matter of Application of NORTH-WEST BAIL BONDS, INC. to Set Aside Bond Forfeiture.

Northwest Bail Bonds, Inc., Appellant (Respondent),

v.

The State of Wyoming, Appellee (Petitioner).

No. 01–56.

Supreme Court of Wyoming.

July 10, 2002.

John H. Robinson, Casper, WY., Representing Appellant.

Hoke MacMillan, Attorney General; Paul S. Rehurek, Deputy Attorney General; D.

Michael Pauling, Senior Assistant Attorney General; and P. Olen Snider, Jr., Senior Assistant Attorney General, Representing Appellee.

Before HILL, C.J., and GOLDEN, LEHMAN *, KITE, and VOIGT, JJ.

LEHMAN, Justice.

[¶ 1] This is an appeal from the partial forfeiture of a surety bond. We reverse and remand.

## ISSUES

[¶ 2] Appellant Northwest Bail Bond, Inc. (Northwest) states the issue as follows:

Whether the District Court's decision to forfeit $5,000.00 of the $7,500.00 surety bond ... constituted an abuse of discretion.

Appellee State of Wyoming (State) phrases the issue in this manner:

Did the district court patently abuse its discretion in partially granting Northwest's motion to set aside the bail bond forfeiture?

## FACTS

[¶ 3] Kristopher Bull (Bull) was scheduled to attend a probation revocation hearing in the district court at 8:30 a.m. on January 18, 2001. He overslept and failed to show up at the hearing. The district court responded by issuing a bench warrant for Bull's arrest and by ordering the forfeiture of his appearance bond issued by Northwest. Bull, however, did appear at the district court before 1:30 p.m. on the same day where, upon the advice of counsel and Northwest, he turned himself in to the authorities.

[¶ 4] On February 1, 2001, Northwest filed a Motion to Set Aside Forfeiture of Bond. A hearing on that motion took place a month later. Interestingly enough, no evidence was adduced at the hearing. The district court relied on the factual assertions of counsel made during argument. The relevant factual assertions included: (1) Bull was aware of the scheduled hearing; (2) Bull missed the hearing because he "slept in"; (3)

within an hour of missing the hearing, Bull contacted his attorney and Northwest, both of whom instructed him to turn himself in; (4) Bull and his attorney appeared at the district court later on the same day to attempt to have the hearing, but there was no time on the district court's schedule to do so; (5) Bull then turned himself in for arrest on the bench warrant; (6) there was no evidence of a specific pecuniary expense to the State occasioned by Bull's failure to appear; and (7) this was Bull's second failure to appear for a hearing in this case, his bond having been forfeited for the previous failure.

[¶ 5] In its oral summation before ordering partial remission of the forfeited bond, the district court noted (1) there was a previous failure to appear and consequent forfeiture of bond; (2) while there was no "big financial loss," the district attorney, the clerk of court, the court reporter, and defense counsel had all appeared for the scheduled hearing, and rescheduling the hearing was an involved process; (3) all this created quite an inconvenience for the district court; (4) Northwest had entered into an agreement to pay the district court if Bull failed to appear; and (5) Northwest "should have been aware" that the bond was set as high as it was because of Bull's previous failure to appear. After considering these facts, the district court determined that $2,500.00 of the forfeited amount should be set aside.

## STANDARD OF REVIEW

[¶ 6] An appellate court will not interfere with a trial court's discretionary rulings absent a clear abuse of discretion. *Semler v. Semler*, 924 P.2d 422, 424 (Wyo. 1996). This general rule applies to decisions on motions to set aside a bond forfeiture. "[T]he decision to grant or deny a remission is a discretionary one that will only be overturned on appeal for a patent abuse of discretion amounting to arbitrary and capricious action." *Application of Allied Fidelity Ins. Co.*, 664 P.2d 1322, 1325 (Wyo.1983). Assessing whether there has been an abuse of discretion involves determining whether the evidence was sufficient to support the district

* Chief Justice at time of oral argument.

court's decision. *Basolo v. Basolo*, 907 P.2d 348, 353 (Wyo.1995). One factor in that assessment is whether the district court's "conclusions [were] drawn from objective criteria." *Mintle v. Mintle*, 764 P.2d 255, 257 (Wyo.1988) (quoting *Martin v. State*, 720 P.2d 894, 897 (Wyo.1986)). The burden is upon the appellant to show an abuse of discretion. *Blake v. State*, 933 P.2d 474, 477 (Wyo.1997).

## DISCUSSION

[¶ 7] Northwest contends that under the established law with respect to forfeiture of bonds, the district court abused its discretion when it refused to set aside the entire amount of the bond forfeiture. In support of this position, Northwest points out:

1. While Bull was aware of the hearing, his failure to appear was not willful; he simply overslept.

2. Northwest urged Bull to turn himself in immediately.

3. The State endured no direct financial cost as a result of Bull's failure to appear.

4. There was little inconvenience to the State, since the other participants had to be in court for other cases, regardless of Bull's failure to appear.

5. There was little inconvenience or delay in getting the matter rescheduled.

In response, the State emphasizes:

1. This was Bull's second failure to appear in this case.

2. Northwest should bear some liability as the "guarantor" of Bull's appearance.

[¶ 8] It is important to note the procedural context of a contested bond forfeiture. W.R.Cr.P. 46(f)(1) provides that "[i]f there is a breach of condition of a bond, the court **shall** declare a forfeiture of the bail." (Emphasis added.) Use of the word "shall" indicates that this decision is mandatory rather than discretionary. *LePage v. State, Dep't of Health*, 2001 WY 26, ¶¶ 11, 12, 18 P.3d 1177, ¶¶ 11, 12 (Wyo.2001). The bail must be forfeited. The discretion of the district court is exercised under W.R.Cr.P. 46(f)(2):

The court may direct that a forfeiture be set aside in whole or in part, upon such conditions as the court may impose, if a person released upon execution of an appearance bond with a surety is subsequently surrendered by the surety into custody or if it otherwise appears that justice does not require the forfeiture.

These rules being structured as they are, the issue comes to the district court not by way of a motion from the State to forfeit the bail, but by way of a motion from the appellant to set aside the forfeiture. The intent and effect of this structure is to place the burden on the surety to show why the forfeiture should be set aside. *State v. Martinez–Gonzales*, 145 Ariz. 300, 701 P.2d 8, 10 (Ariz.App. 1985); *Bob Cole Bonding v. State*, 340 Ark. 641, 13 S.W.3d 147, 149 (2000); *State v. Hedrick*, 204 W.Va. 547, 514 S.E.2d 397, 403 (1999).

[¶ 9] *Application of Allied Fidelity Ins. Co.* recited both general principles and specific factors that a judge should consider when faced with a motion to set aside a bail bond forfeiture. The general principles include:

The purpose of a bail bond is not punitive. Its object is not to enrich the government or punish the defendant. Nor can it be "used as a balm to soothe the disappointment resulting from the inability to punish and rehabilitate." ... "Neither frustration nor its kinsman vindictiveness should be of weight in tipping the scales by which the elements of the court's decision is weighed."

*Application of Allied Fidelity Ins. Co.*, 664 P.2d at 1325–26 (quoting *United States v. Parr*, 594 F.2d 440, 444 (5th Cir.1979)).

[¶ 10] *Application of Allied Fidelity Ins. Co.*, at 1325–26 (citing *United States v. Castaldo*, 667 F.2d 20, 21 (9th Cir.1981), *cert denied* 456 U.S. 978, 102 S.Ct. 2245, 72 L.Ed.2d 853 (1982), and *United States v. Parr*, at 444) also enunciated that the district court should specifically consider in making its determination:

1. The willfulness of the defendant's breach of conditions;

2. The reasonable relationship between the forfeiture ordered and the cost and

inconvenience to the government of regaining custody of the defendant;

3. The participation of the surety in apprehending the defendant;

4. The cost, inconvenience, and prejudice suffered by the government as a result of the defendant's breach;

5. The amount of delay caused by the defendant's default and the stage of the proceedings at the time of the disappearance;

6. The public interest and necessity of effectuating the appearance of the defendant; and

7. Any explanation or mitigating factors presented by the defendant.

[¶ 11] In reviewing whether or not an abuse of discretion has occurred, we make an in depth review of the record before us. If the record is not adequate, we may remand the matter back for further proceedings and the development of the bases used by the court for its determination. *Frankel v. Board of County Comm'rs of Teton County*, 2002 WY 13, ¶ 12, 39 P.3d 420, ¶ 12 (Wyo. 2002); *Gillis v. F & A Enterprises*, 813 P.2d 1304, 1308 (Wyo.1991); *Board of County Comm'rs of Teton County v. Teton County Youth Servs., Inc.*, 652 P.2d 400, 411–14 (Wyo.1982).

[¶ 12] Our review of the record evidences no adequate basis for the determination made by the district court that Northwest should forfeit $5,000.00 of the bond posted. As stated above, in making its decision the district court was apprised by counsel that (1) Bull was aware of the scheduled hearing; (2) Bull missed the hearing because he "slept in"; (3) within an hour of missing the hearing, Bull contacted his attorney and Northwest, both of whom instructed him to turn himself in; (4) Bull and his attorney appeared at the district court later on the same day to attempt to have the hearing, but there was no time on the district court's schedule to do so; (5) Bull then turned himself in for arrest on the bench warrant; and (6) this was Bull's second failure to appear for a hearing in this case, his bond having been forfeited for the previous failure.

[¶ 13] Nevertheless, after being advised of this information, the district court solely focused on Bull's previous failure to appear for a hearing, on the inconvenience caused the district court and other participants by having to reset the hearing, and on Northwest's awareness of the previous failure to appear and awareness of the relatively high bond amount.[1] Indeed, although the district court was appraised of 1) the unwillfulness of Bull's nonappearance; 2) the participation of Northwest which resulted in Bull immediately turning himself in with no cost incurred by the government in apprehending him; 3) the amount of minimal delay caused by Bull's default and the probation revocation stage of the proceedings at the time of the nonappearance; and 4) an explanation of the mitigating factors presented, the district court simply did not address these issues in making its determination as required by *Application of Allied Fidelity Ins. Co.*, at 1325–26. Therefore, it is virtually impossible for this court to determine whether these required and necessary elements were even considered by the district court.

[¶ 14] Moreover, we recognize that Bull's previous failure to appear for a hearing and Northwest's awareness of the previous failure to appear resulting in the relatively high bond amount were explicitly identified factors considered by the district court in making its ruling. However, these factors are not elements to be considered by the court as enumerated in *Application of Allied Fidelity Ins. Co.*, at 1325–26.

[¶ 15] Review of the hearing transcript also makes it clear that the district court did not consider the cost and prejudice suffered by the government as a result of the Bull's nonappearance. No evidence was presented of any specific pecuniary expense to the State occasioned by Bull's failure to appear.[2]

1. On appeal, Northwest asserts that there was little inconvenience to the State, since the other participants had to be in court for other cases, regardless of Bull's failure to appear and that there was little inconvenience or delay in getting the matter rescheduled to the following week.

2. After the court's ruling, counsel for Northwest noted for the record that no evidence was pre-

Hence, such consideration was arguably impossible as no evidence was presented to the district court on this issue.

[¶16] Finally, we note that a thorough basis for the ultimate conclusion of the court must be explained to avoid any inference that the court's motivation was punitive or based on frustration or vindictiveness as prohibited.[3] *Application of Allied Fidelity Ins. Co.*, at 1325–26 (quoting *United States v. Parr*, 594 F.2d at 444).

## CONCLUSION

[¶17] We remand to the district court for additional proceedings and development of facts as they relate to each of the factors set forth herein when a motion to set aside a bond forfeiture is involved.

VOIGT, Justice, dissenting, with which KITE, Justice, joins.

[¶18] I respectfully dissent. I believe the record is adequate for us to determine that the district court sufficiently considered the factors from *Application of Allied Fidelity Ins. Co.*, 664 P.2d 1322 (Wyo.1983). A hearing was conducted and factors were considered. In addition, there was a partial, yet substantial, remission, which indicates that the district court was not acting out of vindictiveness. Beyond that, I would add another factor to the *Application of Allied Fidelity Ins. Co.* list: where the violation is not a mere technicality, the district court may decline to set aside a forfeiture for the purpose of deterring the defendant and others from future violations. *See Accredited Sur. & Cas. Co. v. United States*, 723 F.2d 368, 370 (4th Cir.1983) and *State v. Hedrick*, 204 W.Va. 547, 514 S.E.2d 397, 407 (1999). If we narrowly focus on the actual pecuniary loss to the State, what is to deter the defendant, or others in similar circumstances, from failing to appear for court hearings?

sented by the State as to resultant expenditures incurred by the State and expressed his feelings that the court's order requiring $5,000.00 of the bond be forfeited appeared to be punitive in nature.