# THE SUPREME COURT, STATE OF WYOMING

# 2025 WY 47

**APRIL TERM, A.D. 2025**

**April 24, 2025**

IN THE MATTER OF THE BOND
FORFEITURE OF KARL GRANT
GUSTKE:

JOHN GUSTKE,

Appellant
(Intervenor/Assignee),

v.                                                                              S-24-0270

THE STATE OF WYOMING,

Appellee
(Plaintiff).

*Appeal from the District Court of Natrona County*
*The Honorable Daniel L. Forgey, Judge*

*Representing Appellant:*
    Seth Shumaker, Sheridan, Wyoming.

*Representing Appellee:*
    Bridget Hill, Attorney General; Jenny L. Craig, Deputy Attorney General; Kristen R. Jones, Senior Assistant Attorney General.

*Before FOX, C.J., and BOOMGAARDEN, GRAY, FENN, and JAROSH, JJ.*

**NOTICE:** This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.

**FENN, Justice.**

[¶1]     This case concerns the remission of a forfeited bond and is before us for a second time.  In *In re Gustke*, 2024 WY 38, 545 P.3d 863 (Wyo. 2024) (*Gustke I*), we remanded the case back to the district court for further proceedings.  John Gustke (Father) petitioned to intervene in proceedings involving the forfeiture of a $100,000 surety bond he was jointly liable for with his son, Karl Gustke (Criminal Defendant), through a promissory note and indemnity agreement with the surety and surety's insurer.  On remand, the district court allowed Father to intervene and ordered $25,000 to be remitted to Father while upholding the forfeiture of the remaining $75,000.  Father appeals, and we affirm.

## ISSUE

[¶2]     Father presents one issue, which we rephrase as: Did the district court abuse its discretion when it remitted $25,000 of a forfeited $100,000 surety bond?

## FACTS

[¶3]     The underlying facts are set forth in detail in *Gustke I*, 2024 WY 38, ¶¶ 3–17, 545 P.3d at 865–67.  In *Gustke I*, we reversed the district court's decision denying Father's motion to intervene in proceedings to set aside the forfeiture of a criminal bond posted by the surety for which Father was one of the guarantors. *Id.* at ¶¶ 27–28, 545 P.3d at 870. We held the district court failed to provide Father with notice and an opportunity to be heard on his motion to intervene. *Id.*  We did not rule on the merits of the district court's decision regarding the remission of the forfeited bond. *Id.* at ¶ 27, 545 P.3d at 870.

[¶4]     On remand, the district court allowed Father to intervene and file a brief regarding the remission of the forfeited bond.  Father filed a motion to set aside the order forfeiting bond and requested the district court reconsider its original decision to remit only $10,000 of the forfeited $100,000 bond.  The district court held a hearing where Father and the State presented evidence.  After considering the evidence and weighing the applicable factors, the district court ordered an additional $15,000, for a total of $25,000, of the forfeited bond be remitted to Father.  The district court held $75,000 of the bond should remain forfeited to the State.  Father timely appealed.

## STANDARD OF REVIEW

[¶5]     This Court will not interfere with the district court's discretionary decision to deny a full or partial remission of a bond forfeiture unless the appealing party shows the court clearly abused its discretion. *Speedy Bail Bonds v. Albany Cnty.*, 2018 WY 38, ¶ 11, 415 P.3d 651, 653 (Wyo. 2018) (citing *Action Bailbonds v. State*, 2002 WY 103, ¶ 5, 49 P.3d 992, 993–94 (Wyo. 2002); *In re Nw. Bail Bonds, Inc.*, 2002 WY 102, ¶ 6, 50 P.3d 313, 314–15 (Wyo. 2002)).  We look to whether there is sufficient evidence supporting the

1

district court's decision and "whether the district court's conclusions were drawn from objective criteria." *In re Nw. Bail Bonds, Inc.*, ¶ 6, 50 P.3d at 314–15.  We also consider whether the district court "improperly relied on punitive motives, such as frustration or vindictiveness, for the forfeiture." *Speedy Bail Bonds*, ¶ 11, 415 P.3d at 653 (citing *Action Bailbonds*, ¶ 18, 49 P.3d at 996–97; *In re Nw. Bail Bonds, Inc.*, ¶ 9, 50 P.3d at 315)).

## DISCUSSION

[¶6]    Rule 46(f)(1) of the Wyoming Rules of Criminal Procedure (W.R.Cr.P.) provides: "If there is a breach of condition of a bond, the court shall declare a forfeiture of the bail." W.R.Cr.P. 46(f)(1) (LexisNexis 2019).  The district court may direct a forfeiture be set aside in whole or in part, upon such conditions as the court may impose, if: (1) the surety later surrenders into custody the person released on the surety's appearance bond; or (2) it appears justice does not require the enforcement of the forfeiture. W.R.Cr.P. 46(f)(2), (4). The burden is on the surety to show why the forfeiture should be set aside or remitted. *Beagle v. State*, 2004 WY 30, ¶ 3, 86 P.3d 1271, 1272 (Wyo. 2004) (quoting *In re Nw. Bail Bonds, Inc.*, 2002 WY 102, ¶ 6, 50 P.3d at 315)).  When deciding whether to remit any of the forfeited bond, the district court considers:

1. The willfulness of the defendant's breach of conditions;

2. The reasonable relationship between the forfeiture ordered and the cost and inconvenience to the government of regaining custody of the defendant;

3. The participation of the surety in apprehending the defendant;

4. The cost, inconvenience, and prejudice suffered by the government as a result of the defendant's breach;

5. The amount of delay caused by the defendant's default and the stage of the proceedings at the time of the disappearance;

6. The public interest and necessity of effectuating the appearance of the defendant; and

7. Any explanation or mitigating factors presented by the defendant.

*Beagle*, ¶ 3, 86 P.3d at 1273 (citing *Action Bailbonds*, 2002 WY 103, ¶ 19, 49 P.3d at 997; *In re Nw. Bailbonds, Inc.*, ¶ 10, 50 P.3d at 315–16)).

2

[¶7]    Father contends the district court's decision is per se unreasonable because there is no reasonable relationship between the amount forfeited and the amount of actual damage to the State.  He claims the district court gave little to no weight to any evidence mitigating the amount of the forfeiture, including evidence showing he paid $5,500 to locate Criminal Defendant, and Criminal Defendant was suffering from mental health issues associated with his military service to the United States.  Father suggests the district court's decision to remit $25,000 of the $100,000 bond is a windfall in favor of the State to his detriment, punitive in nature, and amounts to an abuse of discretion.

[¶8]    We have recognized:

> If the surety locates the defaulting defendant, and returns him to the court, some remission is ordinarily proper, but this is not always the case, and a remission may be refused. The court should not order a remission if defendant's failure to appear is the result of inadequate supervision of the defendant by the surety, or if the cost to the government occasioned by the default approaches the face amount of the bond, or if for any other reason the surety has failed to establish that justice does not require enforcement of the forfeiture.

*Beagle*, 2004 WY 30, ¶ 4, 86 P.3d at 1273–74 (quoting 3B Wright, King, & Klein, *Federal Practice and Procedure: Criminal* 3d § 777 (2004)).[1]

[¶9]    In *Allied Fidelity Insurance Co. v. State*, the district court remitted $20,000 of a $60,000 bond. 664 P.2d 1322, 1325–26 (Wyo. 1983).  On appeal, the surety argued the district court failed to consider certain factors, and it should have only enforced the forfeiture of the bond to reflect the actual costs the State incurred from the defendant's breach of the bond. *Id.* at 1324.  The surety contended there was no proof to substantiate a finding the forfeited amount equaled the costs incurred by the government from defendant's breach, the actual cost to transport the defendant back to Wyoming was far less than the forfeited amount, and forfeiture would inflict a hardship on several relatives of the defendant, who indemnified the surety. *Id.* at 1326.  We found the district court considered all the mitigating factors and costs claimed by the State, and based on all the evidence the district court did not abuse its discretion by only remitting approximately 30% of the bond.  *Id.*  We further found the surety assumed the risks and, through its agent, guaranteed to the court the defendant would abide by the terms of his bond agreement. *Id.* We held the district court acted properly and within its powers based on the defendant breaching his bond conditions by leaving the State, subsequently being arrested for another

---

[1] Section 777 of Federal Practice and Procedure cited in *Beagle* has moved to section 780, and can be found at 3B Wright, et al., *Federal Practice and Procedure* § 780 (4th ed. April 2025 Update).

crime in Colorado, and remaining in the custody of Colorado authorities at the time of the forfeiture proceedings. *Id.* at 1323–26.

[¶10]  In *Beagle v. State*, we upheld a district court's decision to remit 50% of the bonds at issue, even though the State essentially conceded it incurred no costs and suffered no inconvenience or prejudice from the defendant's violation of bond. 2004 WY 30, ¶¶ 5–7, 86 P.3d at 1274.  We found the district court's focus on the public's interest and the court's interest in ensuring the timely appearance of defendants in criminal matters, along with the lack of mitigating factors, supported the district court's decision. *Id.*

[¶11]  *In Speedy Bail Bonds v. Albany County*, we affirmed the district court's decision denying a motion to set aside any portion of a forfeited $50,000 bond. 2018 WY 38, ¶¶ 8–18, 415 P.3d at 652–54.  We found the district court's decision was reasonable because the defendant intentionally fled, failed to appear at his arraignment, and had yet to be apprehended. *Id.*  We noted the defendant absconding caused the State and the court to suffer inconvenience related to rescheduling proceedings, delaying the defendant's prosecution, as well as prejudicing the State's interests in prosecuting the defendant. *Id.*

[¶12] Here, the court ordered, and Criminal Defendant agreed to, stringent bond conditions because Criminal Defendant had no ties to Wyoming, was unemployed, and was on bond for similar conduct involving four counts of aggravated assault with a deadly weapon in Texas.  Criminal Defendant agreed to wear a global positioning system (GPS) tracking ankle monitor, participate in an alcohol-monitoring program, remain within the boundaries of Natrona County, Wyoming, and make himself available to the process of the court.  When Father signed his agreement with the surety, he agreed to take full responsibility for Criminal Defendant while he was out on bond.  Father further agreed to have Criminal Defendant appear in court at all times ordered by the court.  He also acknowledged any failure by Criminal Defendant to comply with the bond conditions might result in immediate bond revocation.

[¶13]  Father testified he suspected Criminal Defendant was consuming alcohol in his room while Criminal Defendant was out on bond.  Although Father believed drinking alcohol was a violation of the terms and conditions of Criminal Defendant's release, Father did not contact the bonding company to have the bond revoked.  Less than a month before he was set to go to trial, Criminal Defendant violated his bond conditions by providing a remote breath sample that tested positive for the presence of alcohol.  Instead of turning himself in, Criminal Defendant removed his ankle monitor and absconded by leaving the State of Wyoming and camping in several other states.  Father does not dispute Criminal Defendant's trial was significantly delayed based on Criminal Defendant violating his bond conditions, absconding, and failing to appear at court hearings.

[¶14]  The district court weighed the applicable factors and found the evidence supported a substantial and meaningful forfeiture of the bond in this case.  The district court found

Criminal Defendant willfully violated his bond conditions, which resulted in costs, inconveniences, prejudices to the State and the judicial system, and a lengthy delay. The district court considered mitigating factors including the status of Criminal Defendant's mental health from his experiences during his service in the military, the effect of the forfeiture on Father, and the costs Father expended in attempting to apprehend Criminal Defendant. However, the district court found that evidence did not substantially outweigh and fully mitigate the forfeiture of the bond. After weighing the applicable factors, the district court remitted a total of $25,000 of the $100,000 forfeited bond. Based on the evidence, we cannot find the district court's decision was punitive in nature or an abuse of discretion. The district court did not abuse its discretion by remitting only 25% of the forfeited bond.

## **CONCLUSION**

[¶15] The district court's decision to remit $25,000 of the forfeited $100,000 bond is reasonable and supported by sufficient evidence. The district court did not abuse its discretion. Affirmed.